MILLS, Judge.
In this appeal from a final judgment in a marriage dissolution proceeding, the former husband argues that the trial court erred in declaring the minor children of the parties dependent within the meaning of Chapter 39, Florida Statutes. We agree and reverse in part.
In addition to dissolving the marriage, the trial court adjudicated the parties’ minor children dependent — awarding primary physical residence of the children to the former wife under supervision of the Department of Health and Rehabilitative Services. The adjudication of dependency, however, was not accomplished in a dependency proceeding as provided for in Chapter 39, Florida Statutes, and the Florida Rules of Juvenile Procedure.
Section 39.404(1), Florida Statutes (1985), provides that “all proceedings seeking an adjudication that a child is dependent shall be initiated by the filing of a petition by the state attorney, an ¿uthorized agent of [HRS], or any other person who has knowledge of the facts alleged or is informed of them and believes that they are true.” And Florida Rule of Juvenile Procedure 8.510 provides that all dependency proceedings shall be initiated by the filing of either a request to take into custody, a detention petition, a petition alleging dependency, or a petition for permanent commitment. There is nothing in the record indicating dependency proceedings in the instant case were initiated in this manner, or, for that matter, that such proceedings were initiated at all. We therefore reverse the adjudication of dependency without prejudice to the commencement of an appropriate dependency proceeding pursuant to the statute and rule cited above.
Because we cannot say the trial court abused its discretion in so doing, we affirm that part of the final judgment awarding primary physical residence of the minor children to the former wife.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings not inconsistent with this opinion.
WENTWORTH and NIMMONS, JJ., concur.